**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| COREY C. LEWIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00079-MTS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Petitioner's Motion will be denied.

## I. Background

On August 16, 2021, Petitioner pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 924(g)(1) and 924(a)(2). Doc. [8] at 2-3. On October 7, 2021, the Court sentenced him to a total term of 84 months of imprisonment and two years of supervised release. This was a downward variance, below the guideline range, pursuant to a binding plea agreement and § 3553 (a) factors such as a finding that the offense represented Defendant's first significant term of incarceration. Crim. No. 1:20-cr-0097-MTS at Doc. [57] at 3. Petitioner did not appeal his conviction and sentence.

In 2022, following the adoption of Amendment 3, Missouri enacted widespread expungement of many marijuana convictions. Mo. Const. Art. XIV, § 2.10(7)-(8). As a result, on March 2, 2023, an order was entered expunging Petitioner's Delivery of Marijuana conviction in Case No. 18CG-

CR01182, 32nd Judicial Circuit Court of Missouri, Doc. [3] at 10.[1] On May 15, 2023, another order was entered expunging Petitioner's Possession of Marijuana conviction in Case No. 19SD-CR00900, 35th Judicial Circuit Court of Missouri, Doc. [3] at 9.[2]

On April 5, 2024, Petitioner filed this Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255.[3] Doc. [1]. Because the Motion appeared time-barred, the Court ordered Petitioner to show cause why it should not be summarily dismissed. Doc. [2]. Petitioner indicated in his response that his Motion was filed under § 2255(f)(4) and that the expungement of two prior state court marijuana convictions from his record constituted a "new fact" allowing him to move forward with this action. *See* Doc. [1] at 11, Doc. [3] at 5-6. The Government did not address whether Petitioner met the requirements of § 2255(f)(4), but countered that when a conviction is set aside, vacated, or expunged for reasons other than constitutional invalidity, innocence, or a mistake of law, it remains a valid conviction under the United States Sentencing Guidelines. Doc. [8] at 5, 6.

## II. <u>Discussion</u>

### a. 28 U.S.C. § 2255(f)(4)[4]

An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). In this case, the judgment became final fourteen days after the judgment was entered on October 7, 2021. Fed. R. App. Proc. 4(b)(1)(A)(i). As a result, the one-year period of limitations under § 2255 expired in October of 2022. It is undisputed that more than a year

---

[1] A copy of the order was mailed to him on April 6, 2023. Doc. [3] at 10.
[2] A copy of the order was mailed to him on May 15, 2023. Doc. [3] at 9.
[3] Petitioner filed a Supplemental Motion on May 1, 2024, with the expungement orders attached. Doc. [3].
[4] Under 28 U.S.C. § 2255(f): "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-- . . . (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

has passed since Petitioner's judgment of conviction became final. However, Petitioner filed this Motion pursuant to § 2255(f)(4), on April 5, 2024, by placing it in the prison mailing system.[5] *See* Doc. [1] at 12.

To invoke the statute of limitations contained in § 2255(f)(4), a petitioner must show the existence of a new fact, while also demonstrating that he acted with diligence to discover the new fact. *Johnson v. United States*, 544 U.S. 295, 307 (2005).[6] *See also Odie v. United States*, 42 F.4th 940, 945 (8th Cir. 2022); *Ingram v. United States*, 932 F.3d 1084, 1088-89 (8th Cir. 2019). "Due diligence does not require repeated exercises in futility or exhaustion of every imaginable option, but it does require '*reasonable efforts*.'" *Ingram*, 932 F.3d at 1088-89 (quoting *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008)).

The first question, therefore, is whether Lewis has shown the existence of a new fact. In *Johnson*, the United States Supreme Court held that an order vacating prior state-court convictions, which had been used to enhance the petitioner's federal sentence, constituted a new fact because it was "subject to proof or disproof like any other factual issue." *Johnson*, 544 U.S. at 307. Recently in *Lozano v. United States*, 171 F.4th 1025, 1031 (8th Cir. 2026), in the context of whether the petitioner in that matter had filed a successive habeas petition in a case involving expungement of Missouri marijuana convictions, the United States Court of Appeals for the Eighth Circuit found that a § 2255 motion was not second or successive because the expungement created a "newly ripe" claim that did not exist at the time the petitioner in *Lozano* had filed his previous § 2255 motion. As such, it seems

[5] Under the prison mailbox rule, a 28 U.S.C. § 2255 motion is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

[6] In *Johnson*, a petitioner brought a § 2255 motion challenging his sentence after a state court vacated several of the predicate convictions that caused him to be sentenced as a career offender under the sentencing guidelines. *Id.* at 301. Distinguishable from this case as found below, Petitioner's state court convictions in *Johnson* were vacated due to violation of Petitioner's Sixth Amendment rights – constitutional error. *Id.*

the same rationale holds true for the filing of an initial § 2255 motion, and that the same type of expungement in this case constitutes a new fact under § 2255(f)(4).

As for the required diligence under § 2255(f)(4), it "'can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction. . .'" *Deroo v. United States*, 709 F.3d 1242, 1246 (quoting *Johnson*, 544 U.S. at 308) (finding § 2255(f)(4) motion untimely because several years had elapsed "from when with due diligence the [petitioner] could have discovered the expungement." *Id.* at 1245). Here, the orders expunging Lewis' marijuana convictions were mailed to him on April 6, 2023, and May 15, 2023, respectively. Conceivably, the day he received the orders would be the date on which "the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255(f)(4). Lewis filed this Motion on April 5, 2024, approximately one year later. Doc. [1] at 12. However, even assuming that his Motion was timely, in that he exercised the requisite diligence required under § 2255(f)(4) by bringing forth his Motion upon discovery of the expungements, his claim still fails.

**b. Expungement**

"Under the Sentencing Guidelines, the treatment of expunged convictions can be complicated. *See* U.S.S.G. § 4A1.2(j)." *United States v. Mejia*, 172 F.4th 601, 605-06 (8th Cir. 2026). The Guidelines recognize "[a] number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or defendants pardoned for reasons unrelated to innocence or errors of law . . . Sentences resulting from such convictions are to be counted." U.S.S.G. § 4A1.2, cmt. n. 10. However, "expunged convictions are not counted," for purposes of computing criminal history under the Guidelines. *Id.* (citing U.S.S.G. § 4A1.2(j)). But the Guidelines do not expressly define the term "expunged." In *United States v. Townsend*, 408 F.3d. 1020, 1024 (8th Cir. 2005), the Eighth Circuit

found that to determine " 'whether a conviction is "expunged" under the guidelines, a court must examine the "basis" for the expunction.'" (quoting *United States v. Hines*, 133 F.3d 1360, 1362 (10th Cir. 1998). The Eighth Circuit further instructed that "a state's use of the term 'expunge' is not controlling in determining whether a conviction is properly included in calculating a defendant's criminal history category." *Id. Townsend* also defined expunged convictions—for guidelines purposes—as those: "(1) reversed or vacated due to legal errors or later-discovered evidence exonerating the defendant, or (2) ruled constitutionally invalid." *Id.* at 1023 (citing U.S.S.G. § 4A1.2, cmt. n.6).

As stated previously, the Eighth Circuit in *Lozano* specifically addressed whether Missouri's expungement of convictions for nonviolent marijuana offenses under Amendment 3 qualified as "expunged" under the Guidelines. "[T]he obvious purpose behind Missouri's decision to set aside [defendant's] conviction was to give a defendant a fresh start, not to correct errors of law or vindicate innocence." *Id.* at 1033. (cleaned up). Although expunged convictions do not count toward a defendant's criminal history, we '[n]evertheless ... must' count convictions set aside for reasons unrelated to innocence or errors of law. *Id.* at 1033 (quoting *United States v. Martinez-Cortez*, 354 F.3d 830, 832 (8th Cir. 2004)). The Eighth Circuit further stated in *Lozano* that "*Townsend* did not carve an exception into this rule for convictions set aside by state constitutions." *Id*. Rather, *Townsend* is consistent with most circuit courts that examined the issue and concluded that the meaning of expungement within the Guideline's structure is best determined by evaluating whether the conviction was set aside due to innocence or errors of law. *Id.* at 1033-34.

The Eighth Circuit utilized the definition of the term "expunged" set out in *Townsend* and concluded that the expungement of a marijuana conviction as a result of Missouri's Amendment 3 was not an expunged conviction within the meaning of the Guidelines. *Id.* at 1034. Here, the "basis" for

the expunction, a fresh start, was unrelated to innocence or errors of law, and therefore, Petitioner's expunged Missouri marijuana convictions "must" be counted.

As such, the Court finds that Petitioner's prior Missouri marijuana convictions were not expunged for purposes of his calculated criminal history under the Guidelines and his claim that these convictions can no longer be considered for purposes of sentencing is meritless. Therefore, an evidentiary hearing is not required because the records and files of the case conclusively demonstrate that Petitioner is not entitled to relief. *See* 28 U.S.C. § 2255(b).

Accordingly,

## CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255, Doc. [1], is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in the § 2255 Motion to Vacate, Set Aside, or Correct Sentence because Lewis has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Dated this 20th day of October, 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE